Received and submitted June 7, the decisions of the Court of Appeals reversed and the final orders of the Employment Appeals Board affirmed September 20, 1990

Alfred L. SMITH,
*Respondent on Review,*

*v.*

EMPLOYMENT DIVISION,
*Petitioner on Review,*

*and*

ADAPT,
*Respondent.*

(EAB 84-AB-1217; CA A33421; SC S32481)

Galen W. BLACK,
*Respondent on Review,*

*v.*

EMPLOYMENT DIVISION,
*Petitioner on Review,*

*and*

ADAPT,
*Respondent.*

(EAB 84-AB-161; CA A31186; SC S32482)
(USSC 88-1213)
(Cases Consolidated for Opinion)

799 P2d 148

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds and Jeff Bennett, Assistant Attorneys General, for petitioner on review.

Suanne Lovendahl, Oregon Legal Services Corporation, Roseburg, for respondents on review.

David M. Gordon, of Thorp, Dennett, Purdy, Golden & Jewett, P.C., Springfield, and Allen L. Johnson, of Johnson & Kloos, Eugene, on behalf of *amicus curiae* American Civil Liberties Union.

Before Peterson, Chief Justice, and Carson, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

PER CURIAM

## PER CURIAM

These cases are again before us on remand from the Supreme Court of the United States. *Employment Div. v. Smith,* 494 US ___, 110 S Ct 1595, 108 L Ed 2d 876 (1990). After the first remand, we decided that "the Oregon statute against possession of controlled substances, which include peyote, makes no exception for the sacramental use of peyote." *Smith v. Employment Division,* 307 Or 68, 72-73, 763 P2d 146 (1988). We concluded, however, that that prohibition would violate the Free Exercise Clause of the First Amendment. *Id.* at 73. Accordingly, we held that claimants, who had been discharged from employment as drug counselors for ingesting peyote in ceremonies of the Native American Church, of which they were members, were entitled to receive unemployment compensation. *Id.* at 76.

On certiorari, the Supreme Court of the United States held that the state may prohibit the sacramental use of peyote and, consequently, may deny unemployment benefits to persons fired for such use. *Employment Div. v. Smith, supra.* It reasoned that the Free Exercise Clause does not exempt individuals from complying with a "valid and neutral law of general applicability" that incidentally proscribes religious conduct. 494 US at ___, 108 L Ed 2d at 886 (quoting *United States v. Lee,* 455 US 252, 263 n 3, 102 S Ct 1051, 71 L Ed 2d 127 (1982) (Stevens, J., concurring in judgment)). The opinion noted that the only decisions that have held that the First Amendment bars application of a neutral, generally applicable law to religious conduct involved, not the Free Exercise Clause alone, but also other constitutional protections. 494 US at ___, 108 L Ed 2d at 887.

The Supreme Court also rejected claimants' argument that their claim for religious exemption should be evaluated under the balancing test set forth in *Sherbert v. Verner,* 374 US 398, 83 S Ct 1790, 10 L Ed 2d 965 (1963). *Sherbert* requires governmental actions that substantially burden a religious practice to be justified by a compelling governmental interest. In *Smith,* the Court limited the application of the *Sherbert* test to unemployment compensation cases involving eligibility criteria. 494 US at ___, 108 L Ed 2d at 888-89. The Court concluded: "Because [claimants'] ingestion of peyote was prohibited under Oregon law, and because that prohibition is constitutional, Oregon may, consistent with the Free

Exercise Clause, deny [them] unemployment compensation when their dismissal results from use of the drug." 494 US at ____, 108 L Ed 2d at 893. The Court reversed our decision and remanded the cases for further proceedings.

In the light of the Supreme Court's holding, there is little left for us to decide. This court previously held that the denial of unemployment benefits to claimants does not violate Article I, sections 2 and 3, of the Oregon Constitution. *Smith v. Employment Div.*, 301 Or 209, 212-16, 721 P2d 445 (1986); *Black v. Employment Div.*, 301 Or 221, 225, 721 P2d 451 (1986). Only one issue of state law remains unresolved. In addition to raising state and federal constitutional arguments, claimant Black argues that the final order of the Employment Appeals Board is insufficient for review, because the findings do not bear a rational connection to the conclusion that he engaged in misconduct connected with work. He also asserts that the order fails to explain why the agency denied benefits.

We disagree. The order provides in part:

"[Claimant] knew the employer's rules prohibited the use of drugs and alcohol and also recognized that he could be terminated if he violated those policies. Although the use of an illegal drug was optional during the religious ceremony, the claimant wilfully made the choice to ingest those drugs. He did so even after he was advised by others that such a choice would perhaps be incorrect or improper. Considering the seriousness of the claimant's conduct in violating the employer's rules we find the exculpatory provisions of the Rule [OAR 471-30-038(3)] cannot come into play."

That order is sufficient for review, and it apprised Black of the reason for the decision.

The decisions of the Court of Appeals are reversed, and the final orders of the Employment Appeals Board are affirmed.